IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN M. DURAN,<br><br>       Plaintiff,<br><br><br><br>vs.<br><br><br>UTAH DEPARTMENT OF TECHNOLOGY SERVICES, UTAH DEPARTMENT OF WORKFORCE SERVICES, J. STEPHEN FLETCHER, GREG GARDNER, JIM MATSUMURA, SCOTT MOFFIT, JIM HOWARD, ABDUL M. BAKSH, MEREDITH CALEGORY (JOHN) and JOHN AND JANE DOES 1-20,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE AND DENYING PLAINTIFFS' MOTION TO APPOINT COUNSEL AS MOOT<br><br><br><br><br><br>Case No. 2:08-CV-973 TS |

Plaintiff John Duran filed a Complaint in this matter on December 18, 2008,[1] along with a Motion to Appoint Counsel[2] and an Affidavit in support of Extending Time to File Complaint and Equitable Tolling.[3]  The latter was necessary because Plaintiff failed to file a Complaint within 90

---

[1] Docket No. 3.

[2] Docket No. 4.

[3] Docket No. 5.

1

days of receiving a right-to-sue letter from the United States Equal Employment Opportunities Commission.  For the reasons described below, the Court will dismiss Plaintiff's case.  As a result, his Motion to Appoint Counsel is moot.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint.  Plaintiff is a U.S. Citizen of Hispanic origin who was employed by the Utah Department of Technology Services ("UDTS") from September 2002 through July 10, 2007, as a LAN II specialist.  Defendants Fletcher, Gardner, and Matsumura are employed by Defendant UDTS.  Defendants Moffitt, Howard, Baksh, and John are employed by the Utah Department of Workforce Services ("UDWS"), also a Defendant in this case.

In February 2006, Plaintiff was reassigned from his previous workplace in Salt Lake City to the Davis County employment center, and was the only LAN administrator at that site.  Plaintiff required permission prior to traveling to other UDWS buildings.  Plaintiff argues that he was also blacklisted from advancement or employment with UDWS or UDTS, and that these actions were taken because of his race, gender, religion, and retaliation for his exercise of his First Amendment Free Speech rights.

Plaintiff filed a charge against the UDWS with the Equal Employment Opportunities Commission ("EEOC"), and received a right-to-sue letter from the EEOC on May 22, 2008.  In that letter, Plaintiff was notified that he had 90 days to file a civil action against Defendants.  The 90-day period ended August 20, 2008, approximately 120 days prior to the filing of Plaintiff's Complaint.  Plaintiff argues that a medical condition prevented him from filing in a timely manner, and that his failure to file was therefore a result of excusable neglect, as required by Fed. R. Civ. P. 6(b)(1)(B).  No charge was ever filed against the UDTS with the EEOC.

II.  DISCUSSION

Plaintiff is proceeding *pro se* and *in forma pauperis*.  Because Plaintiff was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, are applicable.  Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[4]  A claim is frivolous if it "lacks an arguable basis either in law or in fact."[5]

A.   FRIVOLOUS

Duran brings claims of racial and religious discrimination, creation of a hostile work environment, and retaliation under Title VII, as well as a claim of violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution against his former employer, the Utah Department of Technology Services ("UDTS"), along with the Utah Department of Workforce Services ("UDWS") and various supervisors and other employees of UDTS and UDWS.

B.   FAILURE TO STATE A CLAIM

1.   *Title VII Claims are Time-Barred*

The Court will dismiss Plaintiff's Title VII claims because they are untimely and otherwise fail to state a claim upon which relief can be granted.  The Court finds that Plaintiff has failed to file his Title VII claims against UDWS in a timely manner, and that Plaintiff has failed to exhaust his administrative remedies against UDTS.  The Court therefore finds that Plaintiff's Title VII claims are time barred.

---

[4] 28 U.S.C. § 1915(e)(2).

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

      a.    *Claims against UDWS are time-barred*

Plaintiff exhausted his administrative remedies in his claims against UDWS, and received a right-to-sue letter from the EEOC. However, Plaintiff failed to File his Complaint within 90 days of that letter, as required by Title VII. "Compliance with the filing requirements of Title VII . . . functions like a statute of limitations."[6] Thus, Plaintiff can only proceed upon a showing that the doctrine of equitable tolling is applicable.[7] Plaintiff has argued that Fed. R. Civ. P. 6(b)(1)(B) allows the Court to extend the deadline for filing the Complaint upon a showing of excusable neglect. However, the Tenth Circuit has stated that equitable tolling is only available "where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights."[8]

Plaintiff has not alleged that Defendants are, in any way, responsible for his lack of timely filing. Moreover, the Court finds that Plaintiff's medical condition, though certainly disruptive to Plaintiff's life, is not so extraordinary as to allow Plaintiff to invoke the doctrine of equitable tolling. Plaintiff claims that his medical condition began in August 2008, but if so, it would have been at the end of the 90-day window in which Plaintiff could have filed his Complaint. However, arthritis, even severe arthritis, is not so extraordinary that Plaintiff was prevented from asserting his rights. It would have been more difficult for him to assert his rights, possibly much more difficult, but being subject to increased difficulties is not the same as being prevented from asserting rights. Because

---

[6]*Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[7]*Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1167-68 (10th Cir. 2008) ("In general, plaintiffs may only revive lapsed claims through equitable tolling.").

[8]*Million*, 47 F.3d at 389.

4

there is extraordinary condition excusing Plaintiff's untimely filing, his Title VII claims against UDWS will be dismissed.

    b.    *Claims against UDTS are time-barred*

The right-to-sue letter received by Plaintiff from the EEOC indicates that Plaintiff failed to file a charge against UDTS. The Court is therefore precluded from considering Plaintiff's Title VII claims against UDTS, for:

> [a] plaintiff must generally exhaust his or her administrative remedies prior to pursuing a Title VII claim in federal court. Thus, a plaintiff normally may not bring a Title VII action based on claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right to sue letter.[9]

The evidence presently before the Court indicates that Plaintiff failed to file a charge against UDTS with the EEOC within 180 days, or with the Utah Antidiscrimination and Labor Division within 300 days, of the alleged discrimination, as required by Title VII.[10] Plaintiff's Title VII claims against UDTS are therefore untimely, and will be dismissed.

    2.    *Title VII claims otherwise fail to state a claim*

Even if Plaintiff's Title VII claims were not untimely, the Court would still be required to dismiss those claims for failure to state a claim upon which relief can be granted. In construing the Complaint, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[11] Plaintiff must

---

[9]*Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse*, 165 F.3d 1321, 1326 (10th Cir. 1999). *See also Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194-95 (10th Cir. 2004).

[10]*See* 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1601.13.

[11]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

provide "enough facts to state a claim to relief that is plausible on its face."[12] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[13] But, the court "need not accept conclusory allegations without supporting factual averments."[14] "The court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15] Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[16]

Because Plaintiff proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[17] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." [18] No special legal training is required to recount facts surrounding an alleged injury,

---

[12]*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[13]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[16]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[17]*Id*.

[18]*Id*.

and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[19]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[20] Thus, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[21] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[22]

Construing the Complaint in accord with these principles, the Court finds that it fails to state a claim for relief against Defendants.

    a.    *Discrimination and Hostile Work Environment*

The Tenth Circuit has stated that a prima facie claim of employment discrimination under Title VII of the Civil Rights Act (the "Act") must contain the following elements: (1) Plaintiff must be a member of a protected class under the Act; (2) Plaintiff must have suffered an adverse employment action; (3) the adverse employment action was not the result of Plaintiff's lack of qualifications; and (4) Plaintiff must have been treated less favorably than others not in the protected class.[23] Plaintiff has alleged that he is of Hispanic origin and Christian, making him a member of a protected class based on his ethnic origin and also a member of a protected class based on his religious beliefs. Plaintiff has also alleged that he was transferred to the Davis County site, that the

---

[19]*Id*.

[20]*Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[21]*Id.* at 1110 n. 3.

[22]*Perkins v. Kan. Dept. of Corr*., 165 F.3d 803, 806 (10th Cir. 1999).

[23]*DeWalt v. Meredith Corp.*, 288 Fed. Appx. 484, 492 (10th Cir. July 31, 2008).

transfer was a punishment for his exercise of his First Amendment rights, and that the transfer was the result of animus. The Court finds, however, that Plaintiff has failed to allege that he was treated less favorably than others not in either of the two protected classes of which Plaintiff is a member.

The Tenth Circuit has stated that a prima facie claim of hostile work environment under the Act must contain the following elements: (1) Plaintiff must have been subject to at least one action which is violative of the Act, taken by fellow employees or supervisors; (2) harassment must be pervasive or severe enough to alter the terms, conditions, or privilege of employment; and (3) the employer's response to incidents of which it was apprised must have been inadequate.[24] Plaintiff has alleged that he was discriminated against because of his Christian beliefs and his ethnic origin, and that the discrimination resulted in his being transferred to a different site, much farther away from his home. Plaintiff also alleges that he was prohibited from traveling freely between UDTS and UDWS sites. Construed liberally, these allegations meet the first and second elements of a hostile work environment claim. However, the Court finds that Plaintiff has failed to allege that UDTS and UDWS were ever appraised of the situation, and/or that their actions in response were inadequate.

    b.    *Retaliation*

Plaintiff also claims that Defendants retaliated against him for "exercising his First Amendment rights to free speech."[25] A claim of retaliation under the Act requires that: (1) Plaintiff engaged in protected opposition to discrimination; (2) Plaintiff's employer took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse

---

[24] *Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1156 (10th Cir. 2008).

[25] Docket No. 3 at 7.

action.[26]  Plaintiff has failed to allege that his transfer to the Davis County site was in response to any action taken by Plaintiff in opposition to other discrimination by Defendants.  Read in context with the remainder of the Complaint, it appears that Plaintiff is alleging that his transfer to the Davis County site was punishment for Plaintiff expressing his religious views, not for engaging in protected opposition to discrimination.  Therefore, he has not alleged the required causal connection.  Accordingly, he doesn't state a claim for retaliation under the Act.

      3.    *Equal Protection Claims*

Plaintiff also claims that Defendants' actions were a violation of Plaintiff's right of Equal Protection, guaranteed by the Fourteenth Amendment to the United States Constitution.  Plaintiff's Equal Protection claims also fail to state a claim upon which relief can be granted.  The United States Supreme Court has stated that an Equal Protection claim must allege that: (1) Plaintiff is a member of a protected class; and (2) members of that protected class were treated categorically differently than others in a similar position.[27]  Even construing Plaintiff's Complaint liberally, Plaintiff fails to allege that members of the protected classes to which he belongs, Latinos and Christians, were treated categorically different from others who were similarly situated.  At most, Plaintiff's Complaint follows the "class of one theory,"[28] which was rejected by the Supreme Court.  "[W]e have never found the Equal Protection Clause implicated . . . where . . . government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or

---

[26]*Fischer v. Forrestwood Co., Inc.*, 525 F.3d 972, 979 (10th Cir. 2008).

[27]*Engquist v. Or. Dep't of Agric.*, 128 S.Ct. 2146, 2152-53 (2008).

[28]*Id.* at 2153.

irrational manner."[29] Plaintiff's factual allegations are therefore insufficient to support an Equal Protection claim, and the claim will be dismissed.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's claims against all Defendants are DISMISSED with prejudice. It is further

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 108) is DENIED as moot.

DATED   January 14, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[29] *Id.* at 2155.